IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


MICHAEL MURPHY, individually )
and on behalf of a class )
of similarly situated )
individuals, )
                               )
           Plaintiff, )
                               )
     v. )   No. 10 C 4403
                               )
CBS RADIO EAST, INC., )
a Delaware corporation )
formerly known as )
Infinity Broadcasting )
Operations, Inc., )
                               )
       Defendant. )


## OPINION AND ORDER


Defendant CBS Radio East, Inc., f/k/a Infinity Broadcasting Operations, Inc. ("CBS" or defendant), timely removed this action from the Circuit Court of Cook County, Illinois based on 28 U.S.C. §§ 1332, 1367, 1441, and 1446. The suit was filed in the Circuit Court by plaintiff Michael Murphy on behalf of himself and a putative class of similarly situated individuals to recover damages allegedly resulting from the inclusion of a non-compete, restrictive covenant in certain employment contracts that prevents obtaining gainful employment during the duration of the covenant.

Plaintiff is a citizen and resident of Illinois. CBS is a Delaware corporation with its principal place of business in New York. The amount in controversy exceeds $75,000. The Court has jurisdiction of the parties and the subject matter. No motion for remand to the Circuit Court was made.

CBS has moved to dismiss, or in the alternative, to compel arbitration under the terms of the contract pursuant to 9 U.S.C. § 4. Plaintiff opposes dismissal and arbitration. It is appropriate first to consider the gateway issue of arbitration.

Plaintiff's Complaint is based on his assertion that the Illinois Broadcast Industry Free Market Act (the "Act"), 820 ILCS 17/10, prohibited CBS from including in his contract of employment a post-employment, non-compete provision and that the inclusion of the provision gives rise to a cause of action for damages. The Act provides:

> (a) No broadcasting industry employer may require in an employment contract that an employee or prospective employee refrain from obtaining employment in a specific geographic area for a specific period of time after termination of employment with that broadcasting industry employer.

> (b) This section does not prevent the enforcement of a covenant not to compete during the term of an employment contract or against an employee who breaches an employment contract.

The parties dispute the application and interpretation of the Act generally and specifically with respect to plaintiff's

contract.  Moreover, CBS contends that the facts alleged do not set forth a violation of the Act because it did not seek to enforce the provision.  CBS also points to contract clauses that it states delegate the dispute to arbitration.

The relevant contract provisions are as follows:

11.  RESTRICTIVE COVENANTS
* * *
(d)  Covenant Not to Compete:  Employee is familiar with the business of Employer, the commercial and competitive nature of the industry, and the substantial commitment Employer makes in developing Employee as a personality, and Employee acknowledges Employee's extraordinary and unique services and abilities which enable Employee to seek and obtain similar employment outside Station's market.  Employee further recognizes that the value of Employer's business would be injured if Employee obtained comparable employment within Station's market.  It is therefore agreed, to the extent enforceable under Illinois state law, that after this Agreement expires or is otherwise terminated, for a period of three (3) months Employee shall not appear, perform or allow Employee's voice or picture to be heard or transmitted live or by recording on any radio or television station within a fifty (50) mile radius of Station, as defined in paragraph 11(c).  The compensation contained in Paragraph 5 of the Agreement serves as full consideration for this covenant not to compete.
* * *
18.  SERVICES UNIQUE; INJUNCTIVE RELIEF.

Employee recognizes that the services to be rendered by Employee hereunder are of special, unique, unusual, extraordinary and intellectual character, are of an artistic and professional nature, require skill of the highest order, and further are of peculiar value, the loss of which cannot be adequately compensated for in damages; thus in the event of Employee's breach or the threat to commit a breach of this Agreement by not completing the Term or failing to comply with the

provisions of Paragraph 11 or 12, Employer shall be entitled as a matter of right, without further notice, in addition to any other remedies it may have, to seek judicial relief by way of injunction, as well as monetary relief to compensate Employer for, _inter alia_, lost revenue, lost profit, lost earnings and any other damages resulting from such breach by Employee. Employee agrees that Employer shall not be required to file any bond in connection with any such request for injunctive or other equitable relief.

\* \* \*

22. RESOLVING DISPUTES.

Employee and Employer and its affiliated companies and entities agree that any controversy or claim other than as provided in Paragraph 18 hereinabove arising out of or in any way relating to this Agreement or to a breach or alleged breach of this Agreement, including, but not limited to, any and all disputes concerning the termination of this Agreement by Employer, shall be settled by final and binding arbitration, in accordance with the then applicable Commercial Arbitration Rules of the American Arbitration Association (the "Association") and the judgment upon any award rendered by the arbitrator may be entered in any court of competent jurisdiction unless otherwise provided in this Paragraph 22. Employee and Employer further agree that, at Employer's sole discretion, any claim by Employer arising out of Employee's breach or threatened breach of this Agreement may be submitted to judicial proceedings rather than arbitration and Employer shall have the right to seek injunctive relief as well as damages in a competent court of law.

\* \* \*

26. GENERAL

\* \* \*

(c) This Agreement contains the entire understanding of the parties and shall be construed according to the laws of the State of Illinois, supersedes any and all prior oral understandings and arrangements, and cannot be changed or modified orally.

\* \* \*

(f) Any provisions of this Agreement which may be prohibited by law or otherwise held invalid shall be ineffective only to the extent of such

prohibition or invalidity and shall not invalidate
or otherwise render ineffective the remaining
provisions of this Agreement.

\* \* \*

(h) Employee acknowledges that the terms
of this Agreement have been fully explained to
Employee and that Employee understands the nature
and extent of Employee's rights and obligations
under this Agreement and has been given the
opportunity to have this Agreement reviewed by
counsel of Employee's choice. Employee further
acknowledges and agrees that, by signing this
Agreement, Employee is waiving Employee's right to
a judicial determination on any disputes arising
out of or in any way related to this Agreement,
with the exception of a judicial order to compel
arbitration or to enforce any arbitration award,
or a dispute submitted to judicial proceeding at
Employer's election as provided in Paragraph 22 of
this Agreement.

Plaintiff urges that the Act is an absolute prohibition

precluding CBS from including any post-termination, non-compete

provision in an employment contract; that the employer's

injunctive rights in paragraph 18 are one-sided; and paragraphs

18, 22, and 26 so conflict as to render the arbitration clause

unenforceable. Arbitration standing alone is not under attack.

Federal law narrows the grounds that can be raised in

opposition to arbitration. Only limited grounds exist to defeat

an arbitration clause.

A written provision in . . . a contract
evidencing a transaction involving commerce to
settle by arbitration a controversy thereafter
arising out of such contract . . . shall be valid,
irrevocable, and enforceable, save upon such
grounds as exist at law or equity for the
revocation of any contract.

9 U.S.C. § 2. It has been held that the revocation language

- 5 -

in § 2 refers to fraud, duress, or unconscionability. <u>Doctor's</u>

<u>Assoc., Inc. v. Casarotto</u>, 517 U.S. 681, 686-87 (1996); <u>Rent-A-</u>

<u>Car, W., Inc. v. Jackson</u>, 130 S. Ct. 2772, 2776 (2010).

The Supreme Court recently stated that "a party's

challenge to another provision of the contract, or to the

contract as a whole, does not prevent a court from enforcing a

specific agreement to arbitrate. '[A]s a matter of substantive

federal arbitration law, an arbitration provision is severable

from the remainder of the contract.' <u>Buckeye [Check Cashing,</u>

<u>Inc. v. Cardegan]</u>, 546 U.S. [440,] 445 [(2006)]; see also <u>id.</u>

at 447 (the severability rule is based on § 2)." <u>Rent-A-Car</u>,

130 S. Ct. at 2778. The Supreme Court also held, in the same

case, that a one-sided remedy argument did not go to the validity

of the delegation provision. <u>Id.</u> at 2780. It is only by relying

on other provisions of the contract that plaintiff argues that

arbitration is unenforceable. Plaintiff has not alleged any

grounds which would support revocation of the arbitration

provisions in the parties' contract. <u>See</u> <u>Estep v. World Fin.</u>

<u>Corp. of Ill.</u>, ___ F. Supp. 2d ___, 2010 WL 3239456 *2-4

(C.D. Ill. Aug. 16, 2010); <u>Molton, Allen & Williams, LLC v.</u>

<u>Cont'l Cas. Ins. Co.</u>, 2010 WL 780353 *4-6 (N.D. Ill. March 3,

2010).

Moreover, to the extent that plaintiff's interpretation

of the contract provisions can be understood as a direct attack

on the delegation provisions alone, and only for the purpose of

deciding the question of arbitration, it is held that the provisions of the contract are not in such conflict as to render arbitration unconscionable.

Any issues as to the merits of plaintiff's claims are left to be resolved by the arbitrator. Because arbitration is being compelled as to plaintiff's individual claim, the claims on behalf of a putative class will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or, alternatively, to compel arbitration [6] is granted in part and denied in part. The Clerk of the Court is ordered to enter a judgment (1) dismissing the claims of the putative class without prejudice and (2) directing that arbitration proceed in the manner described in the CBS Radio Employment Agreement entered into on April 15, 2006, as amended.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 21, 2010